# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2505

_____

United States of America

*Plaintiff - Appellee*

v.

Kourtney Melvin Connors

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 8, 2024
Filed: June 6, 2024
[Unpublished]

_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Kourtney Melvin Connors pled guilty to conspiracy to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. Thereafter, the district court[1] sentenced Connors to 360 months' imprisonment. Connors appeals his sentence arguing that the district court erred in its drug quantity determination and in its application of two offense-level enhancements. Additionally, Connors asserts that his sentence was substantively unreasonable. We affirm.

Connors first argues that the district court erred in determining the quantity of "ice methamphetamine"[2] he distributed. We review the district court's factual findings, including its "drug quantity determination[,] for clear error, and we will reverse 'only if the entire record definitively and firmly convinces us that a mistake has been made.'" *United States v. Johnson*, 75 F.4th 833, 846 (8th Cir. 2023) (citing *United States v. Shaw*, 965 F.3d 921, 926 (8th Cir. 2020)). "The government bears the burden of proving drug quantity by a preponderance of the evidence." *United States v. Plancarte-Vazquez*, 450 F.3d 848, 852 (8th Cir. 2006) (citation omitted).

At sentencing, the government called five witnesses who testified as to the quantity of drugs involved in Connors' conspiracy. One police officer, Lieutenant Doug Scott, investigated Connors' conspiracy and testified that it involved more than 5 kilograms of methamphetamine. That testimony was based on his investigation, interviews with cooperating witnesses, the length of the conspiracy, and recorded jailhouse telephone calls. Accordingly, witness testimony established that Connors' conspiracy involved at least 4.5 kilograms of methamphetamine, enough to establish a base offense level of 38. U.S.S.G. § 2D1.1(a)(5), (c)(1).

Lieutenant Scott's testimony was corroborated, in part, by three cooperating witnesses. Connors contends that the district court erred in crediting any testimony of such unreliable witnesses. But "[a] district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]"'Ice' is a purer, more potent form of methamphetamine." *United States v. Walker*, 688 F.3d 416, 418 n.2 (8th Cir. 2012).

evaluating credibility." *Plancarte-Vazquez*, 450 F.3d at 852. Moreover, Connors does not argue that Lieutenant Scott's testimony was unreliable. Rather, Connors asserts that Lieutenant Scott's testimony regarding the 5 kilograms of methamphetamine "was a conclusory statement in response to a leading question." But the Rules of Evidence do not apply to "sentencing hearings, and courts may rely on hearsay or other typically inadmissible evidence if that evidence bears sufficient indicia of reliability." *United States v. Azure*, 596 F.3d 449, 454 (8th Cir. 2010). Accordingly, the district court did not clearly err in either its drug quantity determination or its conclusions as to the base offense level.

Next Connors challenges the application of a two-level enhancement for posing a credible threat of violence, U.S.S.G. § 2D1.1(b)(2), arguing there was no evidence that he made a threat. A witness testified that Connors threatened him with a gun during a dispute about a drug debt, and Connors does not deny that this occurred. As such, the district court did not clearly err in applying a two-level enhancement to Connors' sentence.

Connors also contests a four-level enhancement for his role as an "organizer or leader," arguing that the district court should have applied a three-level enhancement for his role as a "manager or supervisor." U.S.S.G. § 3B1.1(a)–(b). To support the application of a four-level leader or organizer enhancement, the government must prove by a preponderance of the evidence "(1) that the defendant organized or led at least one other participant in the criminal activity, and (2) that the criminal activity involved at least five participants or was 'otherwise extensive.'" *United States v. Belfrey*, 928 F.3d 746, 751 (8th Cir. 2019) (quoting U.S.S.G. § 3B1.1(a)) (cleaned up).

When determining whether a defendant is a leader or an organizer, the Court considers factors including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of

> participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. 3B1.1, cmt. n.4; *see also United States v. Morris*, 791 F.3d 910, 914 (8th Cir. 2015) ("Although an individual in a drug conspiracy must do more than sell drugs for resale in order to be deemed an organizer or leader, he need not directly control his co-conspirators."). Moreover, "[a] scheme may be 'otherwise extensive' if it involves a large loss amount and covers a period of years." *Belfrey*, 928 F.3d at 751 (citation omitted).

Based on the unobjected-to factual assertions in the presentence report and testimony at the sentencing hearing, the district court determined that Connors was a leader or organizer in a conspiracy involving more than five participants and spanning multiple years. To support its conclusion, the district court found that Connors was supplying methamphetamine to distributors and then supervising and directing them in their subsequent drug sales. Connors was also planning the drug sales and tracking the distribution and proceeds of the drugs. The district court concluded that the conspiracy lasted from 2019 through 2022 and involved more than five individuals, many of whom were arrested for their participation. The conspiracy, moreover, involved methamphetamine, heroin, fentanyl, and other substances. Accordingly, the district court did not clearly err in determining that Connors was an organizer or leader of an otherwise extensive conspiracy and applying a four-level aggravated role enhancement.

Finally, Connors argues that the district court's sentence was not substantively reasonable, which we review for abuse of discretion. *Id.* at 753. Connors' substantive reasonableness argument repeats his Guidelines argument. According to Connors, because the district court applied the wrong base offense level, his sentence is a substantial upward variance. But as we have already explained, the district court did not err in determining Connors' offense level. The properly calculated advisory Guidelines range is "life imprisonment." The district court sentenced Connors to 360

months, a downward variance rather than an upward variance. His sentence, therefore, was not an abuse of discretion.

We affirm the judgment of the district court.

_____